IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. _____ |
| § | |
| STANDARD INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Houston Division, states:

1. **State Court Action.** Plaintiff Pamela Brown ("Brown") filed an action in the 133rd Judicial District Court of Harris County, Texas, Cause No. 2016-57600, on August 27, 2016. Brown asserts claims against Standard for anticipatory breach of contract, breach of contract, bad faith, and for statutory penalties based on the alleged improper denial of additional long-term disability ("LTD") benefits under a group LTD insurance policy (the "Policy") issued by Standard to Brown's prior employer, the Spring Branch Independent School District.

2. **Diversity of Citizenship.** This Court has diversity jurisdiction under 28 U.S.C. § 1332. Brown was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this removal. **(Pet. ¶ 2.)** Standard is an Oregon corporation with its principal office and place of

**NOTICE OF REMOVAL** - Page 1

business in Portland, Oregon. (*See* **Declaration of Standard ("Dec.") attached hereto as Exhibit A, ¶ 2.**) Standard was therefore a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal. Accordingly, removal is proper because complete diversity of citizenship exists between Brown, on the one hand, and Standard, on the other hand.

3.      **Amount in Controversy.** The amount in controversy is also met.  While Brown failed to comply with the requirements of Rule 47 of the Texas Rules of Civil Procedure with respect to her claims for relief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs for various reasons.  First, Brown seeks the present value of all unaccrued payments that she would have received under the Policy due the alleged repudiation of the Policy by Standard. Specifically, Brown alleges that "Defendant repudiated the contract by refusing to perform its obligations thereunder without just cause." **(Pet. ¶ 9.)** *See Hudspeth v. Enter. Life Ins. Co*., 358 S.W.3d 373, 382 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Republic Bankers Life Ins. Co. v. Jaeger*, 551 S.W.2d 30, 31 (Tex. 1976) ("The general measure of damages for breach of a disability insurance contract by repudiation 'is the total of accrued payments plus interest, plus the present value of all unaccrued payments that the plaintiff would have received if the contract had been performed.'"); *Group Life & Health Ins. Co. v. Turner*, 620 S.W.2d 670, 673 (Tex. Civ. App.—Dallas 1981, no writ) ("In Texas, where a party . . . obligated by contract to make monthly payments of money to another absolutely repudiates the obligation without just excuse, the obligee is entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present

value of all that he would have received if the contract had been performed."). Standard closed Plaintiff's claim for LTD benefits under the Policy on June 17, 2014. **(Dec. ¶ 5.)** Brown's maximum LTD benefit under the Policy is $1,200 per month through age 65. **(Dec. ¶ 4.)** The present value of the back and future LTD benefits available to Brown under the Policy as of the date of this removal exceeds $125,000. **(Dec. ¶ 6.)** As such, the amount in controversy is satisfied based solely on Brown's repudiation claim.

The the amount in controversy is also satisfied based on Brown's alleged contractual and extra-contractual damages based on past LTD benefits being sought by her under the Policy. The total past LTD benefits sought by Brown through the time of removal total approximately $31,200.00 (26 months x $1,200.00). (*See* **Dec. ¶ 4.)** Moreover, Brown seeks to recover "exemplary damages," a well as "damages, statutory damages, pre-judgment interest, post-judgment interest, attorney fees, costs, and all other relief to which she may be entitled." **(Pet. ¶¶ 9, 10, 15.)** Thus, even if Brown had not sought the present value of the future LTD benefits available under the Policy based on repudiation, the amount in controversy still exceeds the jurisdictional minimum. *See, e.g., Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees meets the $75,000.00 jurisdictional threshold), *vacated on other grounds*, 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg*, 134 F.3d 1250 (5th Cr. 1998); *Graham v. Henegar*, 640 F.2d 732, 735-36 n.9 (5th Cir. 1981) (attorneys' fees included in calculating amount in controversy); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 212-213 (E.D. Tex. 1996).

4. **Removal is Proper.** Based on the foregoing, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states. Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441. In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on October 4, 2016, which was the first time that Standard received a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5. **State Court Documents Attached.** Pursuant to the Federal Rules of Civil Procedure and the Southern District of Texas's LR 81, an index of matters filed is attached hereto as **Exhibit B**.  A copy of the state court docket sheet, Plaintiff's Original Petition, executed process in the case, and Defendant's Original Answer in the state court action, are separately attached and arranged in chronological order as **Exhibit C**. These documents constitute the only pleadings, process, or orders filed in the state court or received by Standard. A list of the all parties and counsel of record is attached as **Exhibit D**. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard respectfully requests that the United States District Court for the Southern District of Texas, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Respectfully submitted,

By: */s/ Ryan K. McComber*
  Ryan K. McComber
  Attorney-in-Charge
  State Bar No. 24041428
  S.D. ID # 621887

  Amber D. Reece
  Texas Bar No. 24079892
  Fed. I.D. No. 2695252
  amber.reece@figdav.com

  **FIGARI + DAVENPORT, LLP**
  901 Main Street, Suite 3400
  Dallas, Texas 75202
  (214) 939-2000 – Telephone
  (214) 939-2090 – Facsimile

  ATTORNEYS FOR DEFENDANT
  STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 31st day of October, 2016.

  */s/ Ryan K. McComber*
  Ryan K. McComber